

**EOD**
06/25/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BARRY FRANK** | § | Case No. 18-42131 |
| xxx-xx-1258 | § | |
| | § | |
| | § | |
| Debtor | § | Chapter 7 |
| AMERICAN RECEIVABLE CORP. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 19-4001 |
| | § | |
| BARRY FRANK | § | |
| | § | |
| | § | |
| Defendant | § | |

**SCHEDULING ORDER ARISING
FROM INITIAL MANAGEMENT CONFERENCE**

On June 25, 2019, this Court conducted, with appropriate notice to all parties, an initial Management Conference in the above-referenced adversary proceeding, pursuant to Fed. R. Bankr. P. 7016. Upon due consideration of the agreements and representations of the attorneys for the parties and in order to facilitate the just, speedy and inexpensive disposition of this action, the Court issues this initial Scheduling Order pursuant to Fed. R. Bankr. P. 7016 and LBR 7016(b).

**ACCORDINGLY, IT IS THEREFORE ORDERED AS FOLLOWS:**

1. **GENERAL PLEADING PROCEDURES:**

    A. <u>Filing by Electronic Means</u>. From the date of this Order, all pleadings filed

      by any party (other than an individual debtor-defendant acting in a pro se capacity) shall be filed exclusively by electronic means. Except as excused by the Court, any document filed by non-electronic means may be stricken without further notice.

B.   <u>Additional Parties</u>. No parties shall be added to this adversary proceeding, unless leave of court for such relief is sought by written motion and subsequently granted by the Court.

C.   <u>Amendment of Pleadings</u>. The Plaintiff is authorized to file, **on or before Friday, July 12, 2019**, an amended complaint solely to clarify the assertion of embezzlement as an alternative ground for relief under § 523(a)(4). If such amended complaint is filed, the Debtor-Defendant is authorized to file an amended answer within 14 days of the filing of such amended complaint. No pleadings shall be thereafter amended unless leave of court for such relief is sought by written motion and subsequently granted by the Court. Amended pleadings are thereafter to be filed only in accordance with Fed. R. Bankr. P. 7015.

D.   <u>Negative Notice Language</u>. Except for the following motions,

      Motion for Summary Judgment       Motion to Quash
      Application for Preliminary Injunction       Motion for Protective Order
      Application for Temporary Restraining Order

      all motions in this adversary proceeding shall be accompanied by a proposed order and contain a paragraph substantially conforming to the following negative notice language:

      **ANY RESPONSE TO THIS MOTION MUST BE FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO RESPONSE IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

2. **DISCOVERY**:

   A. Marking Discovery Exhibits.  All parties shall consecutively number or letter all exhibits referenced during depositions and other pre-trial discovery, in the manner required by LBR 7016(d), so that no two exhibits bear the same number or letter.

   B. Interrogatories.  The submission of written interrogatories shall be governed by Fed. R. Bankr. P. 7033.

   C. Depositions.  The taking of depositions upon oral examination shall be governed by Fed. R. Bankr. P. 7030.

   D. Requests for Admission.  Each party choosing to submit requests for admission pursuant to Fed. R. Bankr. P. 7036 will be initially limited to **thirty (30) requests** to each adverse party.  In determining whether this limit has been met, each separate paragraph within a request and each sub-part contained within a request which calls for a separate response shall be counted as a separate request.

   E. Additional Requests.  Upon completion of party depositions and upon application for leave of Court to file further interrogatories or requests, the Court may permit further interrogatories or requests for admission upon a showing of just cause.

   F. Disclosures of Expert Testimony.  The parties shall make their disclosures of expert testimony, if applicable, **on or before Friday, September 13, 2019,** and in the manner prescribed by Fed. R. Bankr. P. 7026(a)(2), except that timing of expert disclosures for rebuttal purposes only shall be governed by the time expressed in Fed. R. Bankr. P. 7026(a)(2)(C) .  Each party should file with the Court a "Notice of Expert Disclosure," without accompanying documentation, at the time that the expert disclosures are made by that party.  Any party that without substantial justification fails to make its expert disclosures in accordance with Fed. R. Bankr. P. 7026(a)(2) shall be subject to the sanctions set forth in Fed. R. Bankr. P. 7037(c)(1).

   G. Conduct during Discovery.  Any discovery request or response, whether written or oral, which is not presented in a manner consistent with the provisions of the Federal Rules of Bankruptcy Procedure, may result in the imposition of sanctions by the Court upon any party or any attorney for any party pursuant to Fed. R. Bankr. P. 7037, 28 U.S.C. §1927, or other

    applicable authority.

  H.   Discovery Deadline. All discovery in this adversary proceeding must be completed **on or before Friday, October 25, 2019,** unless leave of Court for additional time is sought by written motion and is subsequently granted by the Court.

**3.   MOTIONS FOR SUMMARY JUDGMENT:**

  A.   Deadline and Length. Any motion for summary judgment under Fed. R. Bankr. P. 7056 must be filed **on or before Friday, November 22, 2019.** A motion for summary judgment and brief in support thereof shall not exceed thirty (30) pages in length, excluding attachments; however, a party may submit multiple motions, with each motion addressing a particular cause of action or defense.

  B.   Response. Any response in opposition to a motion for summary judgment must be filed **within twenty-eight (28) days of the filing of the motion**. This deadline supersedes the deadline in Fed. R. Bankr. P. 7056(c). A response in opposition shall not exceed thirty (30) pages in length, excluding attachments.

  C.   Reply. In light of the intervention of the holidays into the normal reply period under its Local Rules, the Court directs that any reply brief to an opposed summary judgment motion must be filed **on or before Friday, January 10, 2020**. Any such reply brief shall not exceed ten (10) pages in length, excluding attachments. No sur-replies shall be filed without leave of court and such shall not be granted in the absence of exigent circumstances.

  D.   Format. Each motion for summary judgment, or response and reply thereto, shall comply in format and content with the requirements of **Local District Court Rule CV-56** and shall be decided under the procedures stated therein. A copy of that rule is attached to this Order for the parties' convenience.

  E.   Hearing. The Court does not normally require nor permit oral argument in connection with a motion for summary judgment. In the absence of the granting of a motion to allow oral argument, no formal hearing on a motion for summary judgment will be conducted and the Court shall proceed to consider the merits of any such motion upon the expiration of the reply deadline set forth in subsection 3(C) above.

4. **PARTIES MUST STRICTLY ADHERE TO THE TERMS OF THIS ORDER.** The deadlines, restrictions and procedures set forth in this Order should be strictly observed by all parties to this adversary proceeding and their attorneys. Any failure to comply with the terms of this Order may result in the imposition of sanctions by the Court upon any party or any attorney for any party pursuant to Fed. R. Bankr. P. 7016(f).

5. All other procedures and deadlines which are usually determined during an initial management conference will instead be established upon the latter of the expiration of the dispositive motion deadline or the completion of the Court's determination of any dispositive motion filed by any of the parties.

Signed on 06/25/2019

*/s/ Bill Parker*

THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

**cc:** **All counsel of record**

## **LOCAL DISTRICT COURT RULE CV-56 (Summary Judgment)**    [as of 12-1-2018]

**Summary Judgment Procedure.**

(a) **Motion**.  Any motion for summary judgment must include:  (1) a statement of the issues to be decided by the Court; and (2) a "Statement of Undisputed Material Facts."  If the movant relies upon evidence to support its motion, the motion should include appropriate citations to proper summary judgment evidence as set forth below.  Proper summary judgment evidence should be attached to the motion in accordance with section (d) of this rule.

(b) **Response**.  Any response to a motion for summary judgment must include:  (1) any response to the statement of issues; and (2) any response to the "Statement of Undisputed Material Facts."  The response should be supported by appropriate citations to proper summary judgment evidence as set forth below.  Proper summary judgment evidence should be attached to the response in accordance with section (d) of this rule.

(c) **Ruling**.  In resolving the motion for summary judgment, the court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except to the extent that such facts are controverted in the response filed in opposition to the motion, as supported by proper summary judgment evidence.  The court will not scour the record in an attempt to unearth an undesignated genuine issue of material fact.

(d) **Proper summary judgment evidence**.  As used within this rule, "proper summary judgment evidence" means excerpted copies of pleadings, depositions, documents, electronically stored information, answers to interrogatories, admissions, affidavits or declarations, stipulations (including those made for purposes of the motion only), and other admissible evidence cited in the motion for summary judgment or the response thereto.  "Appropriate citations" means that any excerpted evidentiary materials that are attached to the motion or the response should be referred to by page and, if possible, by line.  Counsel are strongly encouraged to highlight or underline the cited portion of any attached evidentiary materials, unless the citation encompasses the entire page.  The page preceding and following a highlighted page may be submitted if necessary to place the highlighted material in its proper context.  Only relevant, cited-to excerpts of evidentiary materials should be attached to the motion or the response.