

EOD
05/11/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **BARRY FRANK** | § | Case No. 18-42131 |
| xxx-xx-1258 | § | |
| | § | |
| Debtor | § | Chapter 7 |

| | | |
|---|---|---|
| AMERICAN RECEIVABLE CORP. | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Adversary No. 19-4001 |
| | § | |
| BARRY FRANK | § | |
| | § | |
| | § | |
| Defendant | § | |

## ORDER ABATING ADVERSARY PROCEEDING

ON THIS DATE the Court conducted a review of the above-referenced adversary proceeding after the denial of the sole summary judgment motion filed in this case. Upon its review of all of the attendant circumstances pertaining to the motion, the Court notes that, on February 28, 2020, Christopher J. Moser (the "Trustee"), the duly-appointed trustee in the underlying Chapter 7 bankruptcy case of the Debtor-Defendant, Barry Frank (the "Debtor-Defendant"), filed a complaint against American Receivable Corporation ("ARC") under adversary proceeding no. 20-4035 (the "Trustee Adversary"). ARC is the Plaintiff in this particular adversary proceeding. The Trustee is now the owner of all of

the claims, debts, liabilities, and causes of action arising from the Purchase and Security Agreement between ARC and the Debtor-Defendant's closely-held, non-debtor corporation, Sweeper King, Inc. ("SKI") as a result of a settlement agreement approved by the Court in the underlying Chapter 7 case, the Hon. Brenda T. Rhoades, presiding.[1] The complaint in the Trustee Adversary essentially seeks, on behalf of the Debtor-Defendant's estate, a reconciliation of all amounts owing under the Purchase and Security Agreement, covering an extensive amount of claims and counterclaims regarding actions and/or omissions occurring between the two parties. On the basis of such an accounting, the Trustee's complaint alleges not only that ARC is owed nothing under the Purchase and Security Agreement and that its claim in the Debtor-Defendant's bankruptcy case should be disallowed, it indeed alleges that ARC now owes an affirmative debt to the Debtor's estate.

While the Court is fully cognizant that the Trustee does not represent the interests of the individual Debtor-Defendant, that the Trustee and the Debtor-Defendant may take different positions as to the propriety of particular transactions, and that the Trustee remains free to plot his own course of action in the Trustee's Adversary for the benefit of

---

[1] Thus, the bankruptcy estate of the Debtor-Defendant in this case now owns any legal or equitable claims against ARC for the purpose of satisfying any liabilities of the Debtor-Defendant evidenced by a timely proof of claim.

-2-

All creditors in the Debtor-Defendant's estate, it is nevertheless true that there is an inexorable connection between the resolution of the Trustee's Adversary and the legitimacy of ARC's contentions in this adversary. If the estate for this individual Debtor owes no debt to ARC, then the individual Debtor-Defendant in this adversary proceeding owes no debt to ARC. Even if somehow viewed more restrictively than a straightforward claim analysis as a result of the Trustee's acquisition of SKI's status (a distinction of which the Court is highly dubious), it remains true that if the estate for this individual Debtor owes no sums to ARC under the Purchase and Security Agreement, then the individual Debtor-Defendant owes no debt under the guaranty agreement. The individual Debtor-Defendant guaranteed to ARC the full and prompt payment of all obligations owed by SKI.[2] The obligations under the guaranty agreement "shall remain in full force and effect until obligations of [SKI] to ARC are discharged and satisfied in full."[3] Notwithstanding the fact that the guaranty issued by the Debtor-Defendant to ARC may be construed as a guaranty of payment (rather than merely a guaranty of collection) which would not require initial enforcement against the primary obligor: (1) the bankruptcy estate of the Debtor-Defendant is now the primary obligor; and (2) a guaranty of payment

---

[2] Individual Guaranty Agreement at ¶ 2.

[3] *Id*.

still requires that there must be a default by that primary obligor.  As one Texas court recently observed,

> . . . a guaranty of payment is an obligation to pay the debt when due *if the debtor does not* and requires no condition precedent to its enforcement against the guaranty *other than a default by the principal debtor*.

*Chahadeh v. Jacinto Medical Group, P.A.*, 519 S.W.3d 242, 246-47 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (emphasis added); *see also, Cox v. Lerman*, 949 S.W.2d 527, 530 (Tex. App.—Houston [14th Dist.] 1997, no pet); *United States v. Vahlco Corp.*, 800 F.2d 462, 466 (5th Cir. 1986).  The Trustee Adversary directly challenges the proposition that there is any debt owing to ARC upon which the guaranty obligation of the Debtor-Defendant could be based.  Accordingly, in order to satisfy the prerequisites for a financial recovery by the Plaintiff in this adversary proceeding, to avoid the possibility of inconsistent results, and for the purposes of judicial economy, the Court finds that this adversary proceeding regarding the nondischargeability of a debt allegedly owed by the Debtor-Defendant should be abated until such time as a settlement is reached or a final, non-appealable judgment is issued in the Trustee Adversary.  Accordingly, the Court finds that just cause exists for the entry of the following order.

**IT IS THEREFORE ORDERED** that the above-referenced adversary proceeding is hereby **ABATED,** pending the further order of the Court.

**IT IS FURTHER ORDERED** that, upon the final resolution of the Trustee Adversary by settlement or by a final, non-appealable judgment, the Plaintiff shall file a short statement in this adversary proceeding that informs the Court of that development.

Signed on 05/11/2020

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE